**Robert Lane Carey,** OSB No. 871860
    Direct Dial:   (503) 802-2032
    Direct Fax:   (503) 972-3732
    E-Mail:      bob.carey@tonkon.com
**Blerina Kotori,** OSB No. 074381
    Direct Dial:   (503) 802-2055
    Direct Fax:   (503) 972-3755
    E-Mail:      blerina.kotori@tonkon.com
**TONKON TORP LLP**
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, OR  97204-2099

Attorneys for Defendant Legacy Health System

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| SALLY HARLOW,<br><br>    Plaintiff,<br><br>v.<br><br>LEGACY HEALTH SYSTEM, an Oregon corporation,<br><br>    Defendant. | Civil No. _____<br><br>**NOTICE OF REMOVAL**<br><br>**(Pursuant to 28 U.S.C. §§ 1441 and 1446)** |

Defendant Legacy Health System ("Legacy") hereby gives notice that the above action is removed from the Circuit Court of the State of Oregon for Multnomah County, in which Court said cause is now pending, to the United States District Court for the District of Oregon, pursuant to 28 U.S.C. §§ 1441 and 1446.

IN SUPPORT THEREOF, Defendant states as follows:

1.    Defendant is a party in a civil action brought against it in the Circuit Court of the State of Oregon for the County of Multnomah entitled *Sally Harlow v. Legacy Health System*, Case No. 0904-04813, filed on April 6, 2009.

2. Defendant Legacy accepted service of the Summons and Complaint on May 4, 2009.

3. Exhibit 1 constitutes all process, pleadings, and orders served upon Defendant in this action to date.

4. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 because Plaintiff's First and Third Claims for Relief are brought under Title VII of the U.S. Code, 42 U.S.C. § 2000e-5. Therefore, Defendant may remove this action to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

5. The Court has supplemental jurisdiction over Plaintiff's Second, Fourth, Fifth and Sixth Claims for Relief pursuant to 28 U.S.C. § 1367.

6. This Notice of Removal is timely filed with the Court within 30 days of the earliest date by which Defendant was served as provided in 28 U.S.C. § 1446(b).

7. Removal venue lies in this Court because Plaintiff's action was filed and is pending in this District.

8. Promptly upon filing this Notice of Removal, Defendant will provide written notice to the Plaintiff and file a copy of this Notice of Removal with the Clerk of the Multnomah County Circuit Court.

9. By filing this Notice of Removal and removing this case, Defendant does not waive, but rather expressly preserves any and all defenses.

10. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WHEREFORE, Defendant respectfully notes its removal of the captioned matter to the United States District Court for the District of Oregon.

DATED this 29th day of May, 2009.

TONKON TORP LLP

By: _____
Robert Lane Carey, OSB No. 871860
Blerina Kotori, OSB No. 074381

Attorneys for Defendant Legacy Health System

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **NOTICE OF REMOVAL** on:

Donald B. Potter
Donald B. Potter, P.C.
621 SW Morrison, Suite 140
Portland, OR 97205

☐ by electronic means through the Court's Case Management/Electronic Case File system on the date set forth below;

☑ by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to each attorney's last-known address and depositing in the U.S. mail at Portland, Oregon on the date set forth below;

☐ by causing a copy thereof to be hand-delivered to said attorneys at each attorney's last-known office address on the date set forth below;

☐ by sending a copy thereof via overnight courier in a sealed, prepaid envelope, addressed to each attorney's last-known address on the date set forth below;

☐ by faxing a copy thereof to each attorney at each attorney's last-known facsimile number on the date set forth below; or

☑ by concurrently electronically mailing this document in Word format to each attorney's last-known e-mail address on the date set forth below

DATED this 29th day of May, 2009.

TONKON TORP LLP

By: _____
**Robert Lane Carey**, OSB No. 871860
**Blerina Kotori**, OSB No. 074381

Attorneys for Defendant Legacy Health System

006030/00009/1594031v1

Page 1 - CERTIFICATE OF SERVICE

ENTERED
APR 06 2009
IN REGISTER BY KDP

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| SALLY HARLOW, <br><br> Plaintiff, <br><br> v. <br><br> LEGACY HEALTH SYSTEM, an Oregon corporation, <br><br> Defendant. | No. 0904-04813 <br><br> COMPLAINT <br><br> **04813** <br><br> (Gender Discrimination; Retaliation for Opposing Gender Discrimination; Sexual Orientation Discrimination; Violation of Portland City Code 23.01; Intentional Infliction of Emotional Distress) <br><br> CLAIMS NOT SUBJECT TO MANDATORY ARBITRATION |

Plaintiff alleges:

## FIRST CLAIM FOR RELIEF

(Gender Discrimination - Title VII)

1.

Plaintiff is and was at all material times a resident and citizen of Oregon.

2.

Defendant Legacy Health System (hereafter "Defendant") is and was at all material times an Oregon corporation doing business in Oregon.

3.

Plaintiff was employed by Defendant from in or about 2001 to and on or about November 1, 2008 and actively worked for Defendant as a security officer from in or about 2001 until on or about October 29, 2007, primarily in Portland, Oregon.

Page - 1 - COMPLAINT

DONALD B. POTTER, P.C.
DONALD B. POTTER
OSB # 84325
621 SW Morrison Street
Suite 140
Portland, OR 97205
(503) 223-2612

Exhibit 1
Page 1 of 8

4.

Throughout the time that she actively worked for Defendant, Plaintiff primarily worked with male security officers employed by Defendant.

5.

Throughout the time period Plaintiff worked for Defendant, Defendant discriminated against Plaintiff on the basis of gender by certain male coworkers and/or supervisors of Plaintiff, because she did not meet stereotypical expectations of femininity, subjecting her to a hostile working environment in one or more of the following particulars:

    a. repeatedly uttering sexual epithets to her;

    b. repeatedly making unwanted sexual comments to her and about her;

    c. repeatedly making offensive sexual comments in her presence;

    d. ostracizing her;

    e. repeatedly refusing to provide her with pertinent information helpful to her performing her duties;

    f. repeatedly obstructing her use of the women's locker room at work;

    g. refusing to transfer her to desirable positions while transferring male coworkers to those desirable positions;

    h. refusing to provide her with desirable days off of work given to the male employee whose position she assumed;

    I. making unjustified critical comments to her and about her;

    j. a male coworker hugging and trying to hug her against her wishes;

    k. denying recognition to her for commendable conduct similar to that for which male coworkers were recognized;

    l. refusing to assist her with her duties while assisting male officers with their performance of their duties;

    m. urging her to appear more feminine;

Page - 2 - COMPLAINT

DONALD B. POTTER, P.C.
DONALD B. POTTER
OSB # 84325
621 SW Morrison Street
Suite 140
Portland, OR 97205
(503) 223-2612

Exhibit 1
Page 2 of 8

        n. delaying public recognition of an award she received while not delaying recognition of commendable performance by male employees;

        o. allowing male employees to mistreat Plaintiff; and/or

        p. tormenting Plaintiff about her previous sexual orientation and her religious faith.

6.

As a result of the hostile working environment to which she was subjected, Plaintiff suffered severe emotional distress, including an anxiety disorder with mixed anxiety and depressed mood, all to her non-economic damage in an amount to be proven at trial.

7.

As a further result of the hostile working environment to which she was subjected, Plaintiff developed an anxiety disorder which prevented her from continuing to actively work for Defendant past November 1, 2008.

8.

As a further result of the hostile working environment to which she was subjected, and the ensuing anxiety disorder which preventing her from continuing to actively work for Defendant, Plaintiff suffered and is entitled to recover from Defendant her lost back pay, lost past fringe benefits, lost front pay and lost future fringe benefits in amounts to be proven at trial pursuant to 42 USC §2000e-(5)(g).

9.

Plaintiff further is entitled to prejudgement interest, postjudgement interest, reasonable attorney's fees, costs, expert witness fees and such other injunctive relief as the Court deems just pursuant to 42 USC §2000e-(5)(g) and (k).

10.

Defendant acted and/or failed to act with malice or with reckless indifference to Plaintiff's federally protected right to be free from gender discrimination in the workplace and Plaintiff intends to file a motion to amend her pleadings to assert a claim against Defendant for

Page - 3 - COMPLAINT

DONALD B. POTTER, P.C.
DONALD B. POTTER
OSB # 84325
621 SW Morrison Street
Suite 140
Portland, OR 97205
(503) 223-2612

Exhibit 1
Page 3 of 8

1 | punitive damages in an amount to be set by a jury.

2 | 11.

3 | Plaintiff brings this claim within 90 days of her receipt of a Notice of Right to Sue issued
4 | to her by the U.S. Equal Employment Opportunity Commission.

## SECOND CLAIM FOR RELIEF

(Gender Discrimination - ORS 659A.030)

12.

Plaintiff realleges paragraphs 1 through 5 and 7.

13.

As a result of the hostile working environment to which she was subjected, and the ensuing anxiety disorder which prevented her from continuing to actively work for Defendant, Plaintiff is entitled to lost back pay, lost past fringe benefits, lost front pay, lost future fringe benefits and interest thereon in amounts to be proven at trial pursuant to ORS 659A.885.

14.

As a further of Defendant's conduct, Plaintiff suffered severe emotional distress, including an anxiety disorder, all to her non-economic damage in an amount to be proven at trial pursuant to ORS 659A.885(3).

15.

Defendant's conduct was willful and wanton and Plaintiff intends to intends to file a motion to amend her pleadings to assert a claim for punitive damages.

16.

Pursuant to ORS 20.107 and 659A.885, Plaintiff also is entitled to her reasonable attorney's fees, expert witness fees, costs, and disbursements..

17.

Plaintiff brings this action within 90 days of a Notice of Right to File a Civil Suit being issued to her by the the Civil Rights Division of the Oregon Bureau of Labor and Industries.

Page - 4 - COMPLAINT

DONALD B. POTTER, P.C.
DONALD B. POTTER
OSB # 84325
621 SW Morrison Street
Suite 140
Portland, OR 97205
(503) 223-2612

Exhibit 1
Page 4 of 8

THIRD CLAIM FOR RELIEF

(Retaliation for Opposing Gender Discrimination - Title VII)

18.

Plaintiff realleges paragraphs 1 through 4 and 6 through 11.

19.

Plaintiff opposed her male coworkers and/or supervisors subjecting her to a hostile working environment because she did not meet stereotyped expectations of femininity.

20.

In retaliation for Plaintiff's opposition, coworkers and/or supervisors of Plaintiff subjected her to disparate treatment and to a hostile working environment by the conduct alleged in paragraph 5 above and by unfairly criticizing her.

FOURTH CLAIM FOR RELIEF

(Retaliation for Opposing Gender Discrimination - ORS 659A.030 )

21.

Plaintiff realleges paragraphs 1 through 5, 7 and 13 through 17.

22.

Plaintiff opposed her male coworkers and supervisors subjecting her to a hostile working environment because she did not meet stereotyped expectations of femininity.

23.

In retaliation for Plaintiff's opposition, coworkers and supervisors of Plaintiff subjected her to disparate treatment and to a hostile working environment by the conduct alleged in paragraph 5 above and by unfairly criticizing her.

FIFTH CLAIM FOR RELIEF

(Violation of Portland City Code 23.01)

24.

Plaintiff realleges paragraphs 1 through 5, 7 and13 through 17.

Page - 5 - COMPLAINT

DONALD B. POTTER, P.C.
DONALD B. POTTER
OSB # 84325
621 SW Morrison Street
Suite 140
Portland, OR 97205
(503) 223-2612

Exhibit 1
Page 5 of 8

25.

Defendant violated Portland City Code 23.01 by its employees subjected Plaintiff to a hostile working environment because she did not meet stereotyped expectations of femininity and/or because for a period of time during her employment with Defendant Plaintiff's sexual orientation was that of a lesbian.

SIXTH CLAIM FOR RELIEF

(Intentional Infliction of Emotional Distress)

26.

Plaintiff realleges paragraphs 1 through 5, 7 and through 13, 19 through 20.

27.

From in or about 2005 through the time Plaintiff stopped actively working for Defendant in 2007, Jordan Wiley was Department Manager and Plaintiff's immediate supervisor.

28.

At all material times Jordan Wiley acted within the course and scope of his employment for Defendant and participated in certain conduct alleged in paragraph 5, as did certain male employees who also acted within the course and scope of their employment for Defendant.

29.

Jordan Wiley and Plaintiff's male coworkers acted volitionally with the desire to inflict severe emotional distress on Plaintiff or with the knowledge that it was substantially certain that Plaintiff would suffer severe emotional distress as a result of their conduct.

31.

As a result of the conduct of Jordan Wiley and certain male coworkers of Plaintiff, Plaintiff suffered severe emotional distress, including an anxiety disorder, all to her non-economic damage in an amount to be proven at trial.

Page - 6 - COMPLAINT

DONALD B. POTTER, P.C.
DONALD B. POTTER
OSB # 84325
621 SW Morrison Street
Suite 140
Portland, OR 97205
(503) 223-2612

Exhibit 1
Page 6 of 8

32.

The conduct of Jordan Wiley and certain of Plaintiff's male coworkers constituted an extraordinary transgression of the bounds of socially tolerable conduct.

33.

As a further result of the conduct of Jordan Wiley and certain male coworkers of Plaintiff, Plaintiff suffered and is entitled to recover damages from Defendant for lost past and future earnings and earning capacity all to her economic damage in an amount to be proven at trial.

34.

Defendant's conduct was willful and wanton and Plaintiff intends to intends to file a motion to amend her pleadings to assert a claim for punitive damages.

WHEREFORE, Plaintiff prays for the relief requested in each of her claims for relief alleged above and for such other relief that the Court deems just and equitable and demands a jury trial.

DATED this 6th day of April, 2009.

_____
DONALD B. POTTER, OSB #84325
Attorney for Plaintiff

Page - 7 - COMPLAINT

DONALD B. POTTER, P.C.
DONALD B. POTTER
OSB # 84325
621 SW Morrison Street
Suite 140
Portland, OR 97205
(503) 223-2612

Exhibit 1
Page 7 of 8

DOCKETING
C/M#: 6030-9
RETURN TO DEB ILLIAN

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

SALLY HARLOW,                         )
                                      )
            Plaintiff,                )   CASE NO. 0904-04813
                                      )
    v.                                )
                                      )                **RECEIVED**
LEGACY HEALTH SYSTEM, an Oregon corporation  )
                                      )                APR 27 2009
            Defendant.                )          hand-delivered
                                                   **TONKON TORP LLP**

To: LEGACY HEALTH SYSTEM c/o P. Campbell Groner III, Registered Agent

   You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

                                          /s/ Donald B. Potter
                                          Signature of Attorney/Author for Plaintiff

**NOTICE TO THE DEFENDANT:**
**READ THESE PAPERS CAREFULLY!**         Donald B. Potter     #84325
                                         Attorney's/Author's Name   Bar No. (if any)

   You must "appear" in this case or the other side will win
automatically. To "appear" you must file with the court a legal   621 S.W. Morrison St., Suite 140
paper called a "motion" or "answer." The "motion" or "answer"           Address
must be given to the court clerk or administrator within 30 days
along with the required filing fee. It must be in proper form and   Portland, Oregon   97205   503-223-2612
have proof of service on the plaintiff's attorney or, if the plaintiff   City       State      Zip       Phone
does not have an attorney, proof of service upon the plaintiff.
If you have any questions, you should see an attorney immediately.
If you need help in finding an attorney, you may call the Oregon
State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free   Trial Attorney (if other than above)   Bar No.
in Oregon at (800) 452-7636.

STATE OF OREGON        )
                       ) ss.
County of Multnomah    )

   I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

                                    /s/ Donald B. Potter
                                    Attorney of Record for Plaintiff(s)

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on a separate document which you shall attach hereto.

                                    /s/ Donald B. Potter
                                    Attorney of Record for Plaintiff(s)